UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALVADOR SILVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11cv0337TCM |
| | ) |
| METROPOLITAN LIFE INS. CO., | ) |
| SAVVIS COMMC'NS CORP., and | ) |
| JILL BITTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on the question whether the request for a jury trial should be stricken. See Fed.R.Civ.P. 12(f) (providing that a court may strike from a pleading immaterial matter).

The suit was filed in state court by the father of decedent, Abel Silva, asking for a declaration whether he, the father, is the beneficiary of Abel's life insurance policies. Those policies, issued by defendant Metropolitan Life Insurance Company ("MetLife"), were available to Abel through his employer, defendant Savvis Communications Corporation ("Savvis"). Plaintiff alleges that the policies erroneously named defendant Jill Bitter or, alternatively, that Abel intended to or attempted to change the beneficiary to Plaintiff. Additionally, Plaintiff requests a jury trial.

MetLife and Savvis removed the case to federal court on the grounds that the benefits at issue are provided under a Group Life and Supplemental Life Plan for Savvis' employees

and are an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). (Notice ¶ 3.)

Shortly after removing the case, MetLife and Savvis moved to strike the jury demand. Plaintiff opposes the motion on the grounds that it has not yet been established that this is an ERISA action and, therefore, the motion is premature.

Plaintiff has not filed a motion to remand challenging the characterization of his action as being an ERISA claim, and the time for doing so has passed. See 28 U.S.C. § 1447(c) (providing for a thirty-day period for filing motion to remand after removal from state court).

An "employee welfare benefit plan" is defined in ERISA as including any plan, fund, or program established or maintained by an employer for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, *benefits in the event of sickness, accident, disability,* [or] *death.* 29 U.S.C. § 1002(1). Plaintiff seeks a declaratory judgment that he is entitled to the benefits of a life insurance policy issued to his son by the son's employer. "[S]tate law causes of action are completely preempted by ERISA when they 'arise from the administration of benefits.'" **Fink v. Dakotacare**, 324 F.3d 685, 689 (8th Cir. 2003) (quoting Kuhl v. Lincoln Nat'l Health Plan, 999 F.2d 298, 302-04 (8th Cir. 1993)). Clearly, Plaintiff's complaint arises from the administration of his son's life insurance benefits. This characterization of his complaint as an ERISA action is further reinforced by his lack of a challenge to the removal of his case on ERISA preemption grounds.

The ERISA statutes are silent on the jury trial issue, but it is well established in the Eighth Circuit that "there is no right to a jury trial under ERISA." **Langlie v. Onan Corp.**, 192 F.3d 1137, 1141 (8th Cir. 1999); accord **Houghton v. SIPCO, Inc.**, 38 F.3d 953, 957 (8th Cir. 1994); **Kirk v. Provident Life and Accident Ins. Co.**, 942 F.2d 504, 506 (8th Cir. 1991). Accordingly,

**IT IS HEREBY ORDERED** that the motion of Metropolitan Life Insurance Company and Savvis Communications Corporation to strike the jury demand is **GRANTED**. [Doc. 9]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of April, 2011.