**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| SALVADOR SILVA                )<br>                                         )<br>            Plaintiff,               )<br>                                         )      Cause No.  4:11-CV-0337<br> v                                       )<br>                                         )<br>METROPOLITAN LIFE INS. CO.  )<br>et al., and                              )<br>SAVVIS, INC COMPREHENSIVE HEALTH  )<br>AND WELFARE BENEFIT PLAN, and  )<br>GROUP LIFE AND SUPPLEMENTAL LIFE  )<br>PLAN FOR EMPLOYEES OF SAVVIS  )<br>COMMUNICATIONS CORPORATION AND  )<br>ITS AFFILIATES,                   )<br>                                         )<br>            Defendants.        )| |

**FIRST AMENDED COMPLAINT**

Comes now Salvadore Silva, and for his First Amended Complaint, states as follows:

1. Plaintiff, a natural person, is the father of Abel Silva, who passed away on July 27th, 2010.

2. Defendant Metropolitan Life Insurance Company ("Metropolitan Life") is a foreign insurance corporation.

3. Savvis Communications Corporation ("Savvis") is a domestic corporation.

4. Either Savvis, Inc. Comprehensive Health and Welfare Benefit Plan (the plan that filed the latest Form 5500 for Savvis) or Group Life and Supplemental Life Plan for Employees of Savvis Communications Corporation and its Affiliates (the plan identified in the Notice of Removal) (collectively referred to as the "Plan") is a Plan that operates pursuant to the Employment Retirement Income and Security Act (ERISA) for

employees of Defendant Savvis and, upon information and belief, is a Plan that provided life insurance to Abel Silva.

5.  Jill Bitter is a natural person who may make a claim as a beneficiary to Abel Silva's basic life insurance.

6.  Upon information and belief, Defendant Metropolitan Life Insurance Company acted as both the plan administrator for the life insurance provided to Abel Silva and the funding source; as a result, any decisions made by the plan administrator are not entitled to deference as a conflict of interest exists in its decisions.

COUNT I – DECLARATORY JUDGMENT – BASIC LIFE

7.  Plaintiff restates paragraphs 1-6 as if fully set forth herein.

8.  At the time of his death, Abel Silva was entitled to basic life insurance through the Plan in the amount of $171,000, and initially named Plaintiff as the beneficiary.

9.  All conditions precedent were satisfied for this basic life insurance.

10.  In 2009, the beneficiary of this policy was purportedly changed to Jill Bitter, identifying her as a "domestic partner."  This change was to take effect on January 1, 2010.  The proper procedures were not followed in making this change; for example, upon information and belief, Abel Silva never filed an Affidavit of Domestic Partnership or the requisite other required documents with either Savvis or the Plan.

11.  Jill Bitter was not a domestic partner; this beneficiary designation was changed solely to allow Jill Bitter to qualify for health insurance.

12.  Jill Bitter actually no longer resided in the same house as Abel Silva by December of 2009.

13. When Abel Silva applied for supplemental life insurance in 2009 to take effect on January 1, 2010, he named Plaintiff Salvador Silva as the beneficiary.

14. Alternatively, if the beneficiary designation effective January 1, 2010 is found to be valid, Abel Silva intended to change the beneficiary on the basic life policy back to Salvador Silva.

15. As a result, Plaintiff Salvador Silva is the proper beneficiary of the basic life policy.

WHEREFORE, Plaintiff respectfully requests this Court declare that Plaintiff Salvador Silva is the one true beneficiary of the basic life policy issued by the Plan, and any other relief this Court deems just and proper.

## COUNT II – ERISA – SUPPLEMENTAL LIFE POLICY

16. Plaintiff restates paragraphs 1-6 as if fully set forth herein.

17. On January 1, 2010, and through the time of his death, a supplemental policy on Abel Silva's life was effective, naming Salvador Silva as beneficiary in the amount of $429,000.

18. This policy was issued by the Plan, and funded and administered by Defendant Metropolitan Life.

19. Abel Silva paid the premiums on this policy, and satisfied all other conditions precedent of the policy.

20. Defendants Plan and Metropolitan Life failed to timely pay the benefits owed by the Plan despite demand by Plaintiff.

21. Defendants Plan, Metropolitan Life and Savvis failed to provide Abel Silva notice of the requirement of Evidence of Insurability, either through actual notice or

through the Summary Plan Description, or failed to provide him a copy of the Summary Plan Description.

22.  By continuing to collect premiums for six months through Abel Silva's death without requesting Evidence of Insurability, Defendants waived the Evidence of Insurability requirement.

23.  By allowing six months to pass with no notification to Abel Silva that Evidence of Insurability was required, Defendants Plan and Metropolitan Life accepted the information as to evidence of insurability provided by Abel Silva as satisfactory, or alternatively this action acted as a waiver.

24.  Plaintiff is entitled to collect Attorney's Fees pursuant to the Employee Retirement Income and Security Act.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants in the amount of $429,000, for costs, pre- and post-judgment interest, and attorney's fees; and any other relief this Court deems just and proper.

                LAW OFFICES OF DAVID C. KNIERIEM

**/s/David C. Knieriem**
David C. Knieriem     #37968MO
7711 Bonhomme, Suite 850
Clayton, MO  63105
314-862-5110
314-862-5943 (fax)
Attorney for Plaintiff
attorneydavek@cs.com

CERTIFICATE OF SERVICE

       I hereby certify that on June 22, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

       **/s/David C. Knieriem**
David C. Knieriem    #37968MO
7711 Bonhomme, Suite 850
Clayton, MO  63105
314-862-5110